299 S.E.2d 871

**Jeff A. ADKINS**

v.

**Jerry DALE, Supt., HCC.**

No. 15371.

Supreme Court of Appeals of
West Virginia.

June 23, 1982.

William D. Highland, Charleston, for petitioner.

John H. Skaggs, Asst. Atty. Gen., Charleston, for respondent.

PER CURIAM:

Jeff A. Adkins, relator, petitions this Court, under its original jurisdiction, for a writ of habeas corpus ab subjiciendum. He contends that his plea of guilty to probation violation was based upon an invalid plea bargain, and that his plea, therefore, was not voluntarily entered. We disagree, and deny the writ.

On January 30, 1980, Adkins entered a plea of guilty to grand larceny and was placed on probation. In the months of June and July of 1980, while on probation, Adkins was charged with three misdemeanors: brandishing a weapon, public intoxication, and possession of marijuana. He entered pleas of guilty to all three misdemeanors on October 31, 1980. Each misdemeanor constituted a violation of the terms of his probation. On December 9, 1980 a probation revocation hearing was held. It was at this hearing that Adkins and his counsel discussed with prosecuting attorney Paul M. Blake, Jr., an ongoing burglary investigation in which Adkins was suspect. This conversation is the basis of Adkins' claim that a plea bargain was reached.

The conversation was not reported, and apparently was not brought to the attention of the court at the subsequent hearing. Adkins entered a plea of guilty to probation violation at the hearing and was committed to Huttonsville Correctional Center by the trial judge. The prosecuting attorney decided to prosecute Adkins on the burglary charges which were being investigated at the time of the hearing. Two indictments were returned by the grand jury charging Adkins with separate counts of burglary.

The only record developed in regard to the alleged plea bargain was that made

during the May 14, 1981, pre-trial hearing on Adkins' motion to dismiss the indictments charging him with burglary. Adkins appeared as a witness at the hearing on the motion to dismiss, as did the attorney who had represented him at the earlier probation revocation hearing.

Adkins stated that his understanding from the conversation with his attorney and prosecutor Blake was that if he plead guilty to probation violation he would not be prosecuted on the burglary charges then being investigated, but he understood that Blake "could not guarantee that I would not be prosecuted." Adkins' counsel recalled that the prosecutor "specifically stated there was not a deal" and that "there would be a possibility that the pending charges against Mr. Adkins would be brought before this Court and he would be prosecuted on them." Adkins' former counsel continued, "I was aware of that, and, you know, I told Mr. Adkins." In response to the trial judge's inquiry as to whether Adkins understood that he could still be prosecuted on the burglary charges, counsel stated, "yes, I'm sure he understood that." The trial judge found as a fact that counsel and the defendant understood that the State reserved the right to prosecute Adkins on the pending burglary charges, and denied Adkins' motion to dismiss the indictments as being in violation of a plea bargain. On May 18 Adkins entered a plea of guilty to one count of burglary and the other count was dismissed.

Adkins makes two assignments of error, both premised upon his contention that some promise or representation by the state induced him to enter a plea of guilty to probation violation. We agree with the trial court that there was no such inducement. We stated in syllabus point 1 of *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971):

"When it is apparent from the totality of circumstances that the entry of a guilty plea by a defendant was induced by belief that certain promises had been made by the prosecuting attorney, which promises inure to the benefit of the defendant and the State, when, in fact,

such promises were not made or were not fulfilled, such plea is involuntary and void."

It is apparent from the circumstances of this case that the entry of Adkins' plea of guilty to probation violation was not induced by a belief that any promises had been made by the prosecuting attorney with regard to the burglary charges. Adkins had counsel when he made his decision to enter his plea and it is clear that he appreciated the consequences of his plea. As we stated in *State ex rel. Clancy*, "the burden of proving that a plea was involuntarily made rests upon the pleader." Syllabus point 3, *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971). The burden of proving that this plea was entered involuntarily is with the pleader, Adkins. He has provided nothing to convince this Court to grant the relief requested. Accordingly, the writ of habeas corpus ad subjiciendum is denied.

Writ denied.